## Commonwealth v. Kimmel

*Albert H. Masland, assistant district attorney,* for the commonwealth.

*Debra Wallet,* for defendant.

BAYLEY, *J.,* August 6, 1987—On May 4, 1987, defendant pleaded guilty to a count of driving under the influence.[1] The commonwealth notified defendant that it considered his plea to be to a second offense. Defendant took the position that his plea was to a first offense. A determination of that issue was deferred to the date of sentencing.

When defendant appeared for sentencing on July 21, 1987, we determined that his plea was to a second offense and accordingly imposed a mandatory minimum sentence of 30 days as provided by the Vehicle Code at 75 Pa.C.S. §3731(e):

"(1) Any person *violating* any provision of this section is guilty of a misdemeanor of the second de-

---

1. 75 Pa. C.S. §3731.

gree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum sentence of imprisonment of:

"(i) not less than 48 hours.

"(ii) not less than 30 days if the person has previously been *convicted* of an offense under this section or of an equivalent offense in this or any other jurisdiction within the previous seven years."[2] (emphasis added).

Defendant has filed a timely motion to modify his sentence pursuant to Pa.R.Crim.P. 1410. He maintains that the mandatory minimum sentence applicable to his plea of guilty is 48 hours and not 30 days. Since we specifically informed him that we would not have imposed a 30-day minimum sentence if we had concluded that such a sentence was not mandatory, he has been prejudiced if our interpretation of the law is incorrect.[3]

Both defendant and the commonwealth agree that defendant previously pleaded guilty to a count of driving under the influence on January 4, 1980, and was sentenced on that date pursuant to that plea. The driving incident resulting in defendant's arrest on the current charge occurred on December 28, 1986, within seven years of January 4, 1980. However, defendant's plea of guilty on the current charge occurred on May 4, 1987, beyond seven

---

2. The full sentence was that defendant pay the costs of prosecution, a fine of $510 and undergo imprisonment in the Cumberland County Prison for a term of not less than 30 days nor more than 18 months. The maximum sentence permissible on this misdemeanor of the second degree was two years and/or a $5000 fine. 18 Pa. C.S. §§1101 and 1103(2).

3. We note that we did not state specifically what our sentence would have been if the mandatory minimum sentence was less than 30 days. We are not committed to a 48-hour minimum sentence.

years from January 4, 1980. Section 6501 of the Vehicle Code provides:

"Definition of conviction:

"(a) General rule. — For the purposes of this title a conviction includes a plea of guilty, a plea of nolo contendere, a finding of guilt by a court. . . ."

Both the commonwealth and defendant agree that the date defendant entered his prior plea of guilty and was sentenced, January 4, 1980, is the starting date for the determination of the mandatory minimum sentencing requirements of section 3731(e)(ii). That is the date of his prior "conviction." We agree with the commonwealth that December 28, 1986, the date defendant operated a vehicle and was arrested on this current offense, which resulted in his plea of guilty on May 4, 1987, is the date from which the seven years is calculated from January 4, 1980. Defendant interprets section 3731(e) to mean that his conviction on this offense must have occurred within seven years of the date of his prior conviction. However, the statute at section 3731(e)(1) uses the word "violating":

"Any person *violating* any provisions of this section . . ." shall be sentenced to not less than 30 days ". . . [i]f the person has previously been *convicted* of an offense under this section . . . within the previous seven years."

The Legislature has set forth a rule of construction at 1 Pa.C.S. §1921(a):

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions."

We conclude that the use of the word "violating" at 3731(e)(1), and a different word "convicted" at 3731(e)(1)(ii), means that the Legislature was re-

ferring to different types of occurrences in each subsection. If not, the Legislature would have used the word "convicted" in each subsection. Common usage of the word "violated" refers to when an offense is committed as contrasted to when a person is convicted of that violation. Accordingly, section 3731(e) of the Vehicle Code, as it relates to the imposition of mandatory sentences, means any new violation, which is the act of driving under the influence, which occurs within seven years of a prior conviction.

This interpretation also comports with another rule of statutory construction at 1 Pa.C.S. §1922(2):

"That the General Assembly intends the entire statute to be effective and certain." An operator of a motor vehicle is on notice of the date of any prior conviction; accordingly, if he operates a motor vehicle while under the influence within seven years of that date he is subject to the mandatory minimum sentences imposed by section 3731(e). The statute does not allow the running of the seven years from the date of conviction to be manipulated by the uncertainties associated with the date of a later conviction as contrasted to the date of an actual violation.

For the foregoing reasons we enter the following

## ORDER

And now, this August 6, 1987, defendant's motion to modify his sentence of July 21, 1987, is denied.